MRS. JAMES F. SNORGRASS ET AL., RESPONDENTS, v. THE CUDAHY PACKING COMPANY, EMPLOYER; MARYLAND CASUALTY COMPANY, INSURER, APPELLANTS.—83 S. W. (2d) 226.

Kansas City Court of Appeals. April 1, 1935.

*Frank Quigley, W. W. Carpenter, Jr.,* and *Roy D. Williams* for respondents.

*Harris & Koontz* and *James D. Reed* for appellants.

SHAIN, P. J.—This case is based upon a claim made before the Workmen's Compensation Commission by Mrs. James F. Snorgrass, widow, and Sara Louise Snorgrass, dependent daughter of James F. Snorgrass, deceased, against the appellant employer and appellant insurer.

The claim as presented before the commission is for compensation by reason of death of the husband and father alleged as a result of injuries received by the deceased in the due course of and arising out of employment by the appellant, the Cudahy Packing Company.

It appears that the deceased was a salesman employed by the Cudahy Packing Company. He lived in the town of Tipton, Missouri, and the territory wherein he operated consisted of a group of towns extending east from Tipton to Jefferson City, Missouri, and south towards the towns of Eldon and Bagnell, thence to Versailles, and back to Tipton in one circuit, and a group of towns west of Tipton extending as far as Smithton, Missouri.

The deceased worked upon a stated salary of $28.35 per week and in addition was paid for mileage in traveling in his own car and for food and lodging when away from Tipton.

It appears that the deceased was given a route sheet which he was supposed to follow on his trip and his mileage appears to have been computed alone from this route sheet. It further appears that the route sheets furnished by the employer to deceased had indicated thereon the hour and day the deceased was to be in the towns on his route. This is explained as being for the purpose that the customers along the route would know when to expect a call.

It is shown that it was the business of the deceased to make collections when calling on the trade and the evidence discloses that goods were sold on weekly terms of collection. In other words, the salesman was supposed to collect on the following week for goods sold the previous week.

The contract of employment is embodied in the record. The employment is expressed as: "From week to week in such capacity and in such manner as said employer may from time to time direct." There is no hours for service specified. There is no mention in the contract of any salesman's route sheet. The route sheet furnished by the company to the salesman appears to be in accordance with a provision for regularity of system in calling upon the trade and, as before stated, as a limitation on mileage to be paid for. There is evidence showing that the time route schedule was not always strictly adhered to. The evidence is to the effect that these variations from the salesman's route sheet was known to the employer. The general salesman for the company, a Mr. Studerbaker, made trips with the

deceased and on these trips the route sheet was not adhered to. Mr. Cox, the sales manager of the company, testified that if an extra trip was made by the salesman he received no mileage but admitted that the company accepted orders when taken, regardless of deviation. It is in evidence that the deceased transacted business for his employer much later than six o'clock in the evening, that he even delivered goods of the company on Sunday.

There is evidence to the effect that it was the custom of the deceased to make up his accounts in the latter part of the week and make remittance to the employer for collections made and that on occasions he would drive to a nearby town where he could mail remittances at a later hour than at his home post office.

The evidence discloses that on Friday, December 2, 1932, the deceased had been out on his route; that in the earlier part of the day he had been in California, Missouri, and that a Mr. Reed, who was a customer and who was owing the company money, was out and was not seen by the deceased.

It is further shown that the deceased thereafter was in Tipton, Missouri, and that he left Tipton around five-thirty P. M. on said December 2nd. It is further shown that while in his automobile in the outskirts of California, Missouri, at sixteen minutes to six P. M. of that day, he was in a car accident in which he met his death.

Claim for compensation was made to the Workmen's Compensation Commission, hearing was had and an award was made in favor of the widow, Mrs. James F. Snorgrass, during her widowhood or life, remainder to Sara Louise Snorgrass as her rights and interests may appear.

Thereafter a rehearing was asked and granted and upon rehearing the award was for the employer.

In the award is found the following:

"On review award dated June 12, 1933, is hereby reversed and set aside. We find from the evidence that the defendant has failed to prove that the accident resulting in employee's death arose out of and in the course of his employment. Therefore, compensation must be denied."

An appeal was taken by claimants to the Circuit Court of Moniteau County, Missouri.

A hearing of this cause was had in the Circuit Court of Moniteau County, Missouri, at the January term, 1934, of that court. In this hearing, upon appeal, the Circuit Court of Moniteau County reversed the findings and orders of the Workmen's Compensation Commission and ordered the case remanded to the commission for further proceeding not inconsistent with the judgment rendered by said court.

From this judgment, the Cudahy Packing Company and the Insurance Company have duly appealed.

The appellants present assignments of error under seven subheads. When boiled down, the contention is that the Circuit Court of Moniteau County erred in disturbing the findings of the commission, to the effect that claimants had failed to prove that the accident resulting in death arose out of and in the course of employment.

The appellants assign, as reason for claim of error, that the finding of fact is based upon substantial evidence in the case and that the court was bound by such finding.

The appellants further claim error in that the circuit court erred in reaching the conclusion that the deceased died as a result of an accident in the course of, or growing out of, his employment.

## OPINION.

At the outset, we state the law to be that where there is any substantial evidence before the Workmen's Compensation Commission supporting an issue of fact, then the finding of the commission on said issue is conclusive on this court. Such is the provision of our statutes. We further state the law to be, that the fact alone that an employee is where his duties may have taken him does not raise the presumption that he was killed in due course of employment. Further, if there is any substantial evidence offered before the commission as to an issue of fact, then this court can only give consideration to such evidence.

Much authority is cited in the appellants' brief on the above points. As we state and accept such as the law, we need not further comment on these authorities.

If there is any evidence in this case from which it can fairly be inferred that the deceased, at the time of the accident, was not in due course of employment, then the finding of the commission must be sustained. Again, if there is not substantial evidence from which it can be inferred that the deceased was in due course of employment, them again must the award of the commission be upheld.

The above stated principles applicable to appeal from an award by the Workmen's Compensation Commission are so clearly embodied in the text of the legislative act that citations in support are not required.

The burden of proof being upon the one who is claiming compensation, we must go to the evidence and determine whether or not there is substantial evidence from which a reasonable inference may be drawn in support of claimants' allegation that the deceased was injured while in due course of employment.

In the first place, it is conclusively shown that the deceased was en route to one of the towns where he called upon the customers of the company. It is conclusively shown that the deceased called

upon the customers in the representative capacity of making sales. for his employer and also for the purpose of collecting for goods previously sold and delivered.

The evidence discloses that a Mr. Reed, of California, Missouri, was a customer to whom the deceased made sales and from whom he made collections for his employer. The evidence discloses that Mr. Reed's last payment, prior to the accident, was made to the deceased November 21st. Mr. Reed testified that on December 2nd, he owed for four invoices that he testified amount to $86.61. The facts are that the invoices owing at that time only amounted to $73.99, however, the evidence is harmonized by the explanation that he made payment of $86.61 to another agent on December 8th. Evidently the payment on December 8th included for merchandise which was not due and payable on December 2nd.

The evidence discloses that the deceased performed services for the employer not only at hours going into the night but on Sunday as well, and not only on hours fixed by his daily route sheet but at many other hours as well. The evidence is conclusive that the deceased was a faithful employee, ready, willing and actually doing his employer's work whenever occasion occurred and that he was no respecter of hours in doing so. The evidence clearly shows that the deceased deviated from his route sheet in doing service known by his superiors and that the fruits of his labors on stated hours or off hours was acceptable and accepted by his employer.

The evidence discloses that the deceased, at the time of the accident, was enroute to one of the towns in his territory; that he was traveling in the car used by him in his trade; that he had with him his order blanks and articles used by him in the conduct of his employment; that he had on his person checks given in payment of goods sold and delivered; and further it is shown that there was in his car at the time merchandise the product of his employer.

The conclusion of the court is that the above facts in evidence are sufficient to justify the inference that the deceased, at the time of the accident was in the due course of his employment. Such evidence, of course, is subject to rebuttal and if there is any substantial evidence from which a legitimate inference can be drawn to the effect that the deceased was not in due course of his employment then the conclusion of the Commission, if so supported, must be upheld.

Having concluded that there is evidence in support of claimants' position, it becomes necessary to determine if there is any substantial evidence against same.

The appellants contend that the evidence does not disclose any purpose appertaining to the employment that would call for the deceased going to California, Missouri, on the occasion when the accident happened. This contention is apparently based upon a theory

that the evidence does not disclose that Mr. Reed, at the time, owed any money to the company that was due to be collected. We conclude that Mr. Reed's testimony presents substantial evidence upon which to base an inference that he on December 2nd owed the company money that was due and payable, which it was the duty of the deceased to collect and remit.

The attempt to refute this inference by bringing out the fact that the four bills, testified to as due, bore the date of shipment rather than the date of the order utterly fails to rebut the inference. Further, the employer's sales manager was present and testified. If Mr. Reed did not owe money due and payable on December 2nd, the employer had every opportunity of knowing and of showing same. The fact of failure to produce evidence within the knowledge and in possession has its significance.

Outside of above, the appellants contend that the fact that the route sheet in evidence did not call for deceased to be at or en route to the scene of the accident at the time same occurred presents evidence from which inference may be drawn that the deceased was not in the due course of employment.

As to the above contention, we conclude that the route sheet is not the essence of the deceased's contract of employment or a determining factor controlling right of compensation for injury. The question of whether or not he was about his master's work in line of his employment is the all important question in this case.

We conclude that the showings of and concerning the route sheets in evidence presents no evidence from which an inference can be drawn that the deceased was not in due course of employment at the time of the accident.

As there is evidence to the effect that departure from the route sheet was known to the employer, the failure of the employer to call upon its representative, who made business trips with the deceased, to testify, at least raises the presumption that his evidence would not contradict the evidence on that point.

By reason of the appellants' contentions, we have up to this point, treated the finding of the commission as a finding of fact and have concluded that there is no evidence to support same. However, a careful study of the finding made by the commission impresses us that the same, while it might be technically called a finding of fact, would be better designated as a statement of conclusion.

The case at bar can be distinguished from Doughton v. Marland Roofing Co. et al., 53 S. W. (2d) l. c. 240, in that in the case at bar the only inference that can be drawn from the evidence herein supports the fact that deceased was in due course of employment and we conclude that the question of fact is taken out of the case at bar

950

and the question becomes solely one of law. [Kristanik v. Chevrolet Motor Co., 70 S. W. (2d) 1. c. 894.]

In conclusion we cite the following authorities as authorities upon which we have based our conclusion herein. [Metting v. Lehr Const. Co., 32 S. W. (2d) 1. c. 123; Sawtell v. Stern Bros. & Co., 44 S. W. (2d) 1. c. 269; Kinyon v. Kinyon, 71 S. W. (2d) 78, 1. c. 81; Zimmerman v. Goodfellow Lumber Co., 56 S. W. (2d) 1. c. 611.]

For reasons given above, the judgment of the Moniteau Circuit Court is in all matters affirmed.